**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:23-1338** |
| **v.** | : | **(JUDGE MANNION)** |
| **COMMONWEALTH OF PENNSYLVANIA, *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

Pending before the Court is Defendants' motion to dismiss the second amended complaint. (**Doc. 88**). For the reasons set forth herein, Defendants' motion to dismiss will be **GRANTED** and Charles Talbert's ("Plaintiff") second amended complaint will be **DISMISSED WITH PREJUDICE.**

## I. BACKGROUND

The underlying action arises from a complaint Plaintiff filed on June 14, 2021. (Doc. 1). Following years of litigation, this Court granted Plaintiff's motion for leave to file a second amended complaint. (Docs. 78, 86). The second amended complaint is now the operative pleading, which alleges that Defendants violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). (Docs. 78-1 and 87 at 5-6).

Plaintiff avers that Defendants disregarded an order by the Philadelphia Court of Common Pleas requiring them to provide Plaintiff with mental health treatment offered at SCI Waymart and instead placed him in SCI Pheonix's general population. *Id.* at 2-3. Plaintiff claims that while at SCI Pheonix, he experienced a "mental health crisis marked by erratic and aggressive behavior, to which a contracted psychiatric provider had admitted him into a psychiatric observation cell[.]" *Id.*

Plaintiff asserts that although the psychiatric provider cleared him to return to general population, the Defendants "used Plaintiff's . . . psychotic behavior against him by means of punishment." *Id.* at 3. He avers that despite his disability, Defendants have disregarded the sentencing order, kept him in solitary confinement for over five years, and caused him to suffer anxiety, paranoia, depression, and physical pain. *Id.* at 4. Plaintiff requests that this Court grant declaratory judgment, injunctive relief, compensatory damages, and fees and costs. *Id.* at 7.

Defendants filed the instant motion to dismiss and its accompanying brief in support on October 16, 2025. (Docs. 88, 89). Plaintiff filed a brief in opposition on October 30, 2025. (Doc. 93). Defendants filed a reply brief on November 3, 2025. (Doc. 95). This matter is now ripe for disposition.

## II. LEGAL STANDARD

### a. Motion to Dismiss

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint that contains only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not comply with Rule 8. *Id.* Once the complaint is made:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> **(1)** lack of subject-matter jurisdiction;
> **(2)** lack of personal jurisdiction;
> **(3)** improper venue;
> **(4)** insufficient process;
> **(5)** insufficient service of process;
> **(6)** failure to state a claim upon which relief can be granted; and
> **(7)** failure to join a party under Rule 19.

Fed.R.Civ.P. 12(b).

Defendants' motion to dismiss argues that Plaintiff's second amended complaint (1) is barred by *res judicata*, and (2) fails to sufficiently allege an ADA or RA violation. (Doc. 89). "When a party moves to dismiss under more than one Rule 12 ground, the Court must first consider the Rule 12(b)(1) challenge, because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *S.D. by A.D. v. Haddon Heights Bd. of Educ.*, 90 F.Supp.3d 326, 334 (D.N.J. 2015) (citation omitted), aff'd, 833 F.3d 389 (3d Cir. 2016), vacated on other grounds, 581 U.S. 968 (2017). If the Court determines that it has jurisdiction over the matter, it turns to the remaining 12(b) claims. *Haddon Heights*, 90 F.Supp.3d at 334.

A defendant may also move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right

to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not require probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" liability do not satisfy this standard. *Id.*

As noted above, the Court at this stage accepts the complaint's factual allegations as true. This tenet "is inapplicable to legal conclusions." *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The federal pleading standard just described requires that district courts "conduct a two-part analysis:"

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

**b. Materials from Prior Judicial Proceedings**

In considering a motion to dismiss, the Court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). "[E]xamples of matters of public record include 'Securities and Exchange Commission filings, court-filed documents, and Federal Drug Administration reports published on the FDA website.'" *Sturgeon v. Pharmerica Corp.*, 438 F.Supp.3d 246, 357 (E.D.Pa. 2020). The Court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp.*

*v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the Court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,1261 (3d Cir. 1994).

Relevant to the case at bar, "publicly available records from other judicial proceedings may be judicially noticed in the context of a motion to dismiss." *Sturgeon*, 438 F.Supp.3d at 257 (*citing U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F.Supp.2d 125, 139 (E.D.Pa. 2012)). "[O]n a motion to dismiss, [a court] may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Id.; see also* Fed.R.Civ.P. 201 (governing judicial notice of adjudicative facts).

By arguing that Plaintiff's complaint is barred by *res judicata* based upon his previous case, *Talbert v. Commonwealth of Pennsylvania*, 3:23-CV-410 (M.D.Pa 2023), Defendants effectively ask the Court to take judicial notice of the publicly available records from the previous case. One such record includes this Court's Order dismissing the prior case for lack of

jurisdiction due to a previously executed settlement agreement. (3:23-CV-410, Doc. 46). Accordingly, the Court will take judicial notice of these documents. *See Sturgeon*, 438 F.Supp.3d at 258.

## III. ANALYSIS: *RES JUDICATA*

Defendants argue that Plaintiff's second amended complaint should be dismissed because it is barred by the doctrine of *res judicata*. *Res judicata* is an affirmative defense pursuant to Federal Rule of Civil Procedure 8(c), which "bars a later action on all or part of the claim which was the subject of the first action." *Metroka v. Pennsylvania State Law Enforcement*, 2023 WL 2843785, at *3 (E.D.Pa. Apr. 7, 2023) (quoting *Balent v. Cty. of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995)). Specifically, Defendants claim that the instant case is "identical" to that which was brought in *Talbert v. Commonwealth of Pennsylvania*, 3:23-CV-410 (M.D.Pa. 2023). (Doc. 89).

The party seeking to invoke claim preclusion has the burden of showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action. *African Int'l Bank v. Epstein,* 10 F.3d 168, 171 (3rd Cir.1993). "[A] party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." *Inofast Mfg., Inc. v. Bardsley*, 103 F.Supp.2d 847, 849

(E.D.Pa. 2000) (citing *Mars, Inc. v. Nippon Conlux Kabushiki–Kaisha,* 58 F.3d 616, 619–620 (Fed.Cir.1995)). Specifically,

> Two actions are generally deemed to be the same where there is an essential similarity of the underlying events rather than on the specific legal theories invoked . . . The courts should therefore look to whether the acts complained of and the demand for relief are the same; whether the theory of recovery is the same; whether the witnesses and documents necessary at trial are the same; and whether the material facts alleged are the same.

*Bardsley*, 103 F.Supp.2d at 850.

Though a *res judicata* challenge may appear to sound in one of jurisdiction pursuant to Rule 12(b)(1), the Third Circuit held that it is "not a doctrine which would defeat the subject matter jurisdiction[.]" *Livera v. First Nat'l State Bank of New Jersey,* 879 F.2d 1186, 1190 (3d Cir. 1989). Accordingly, Defendants' *res judicata* challenge cannot be treated as one of this Court's subject matter jurisdiction under Rule 12(b)(1). *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

A *res judicata* challenge could, however, properly be the grounds for a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). *Id.* Still, in *Bethel v. Jendoco Constr. Corp.*, the Third Circuit held that if a statute of limitations "bar is not apparent

on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." 570 F.2d 1168, 1174 (3d Cir. 1978). "This holding applies not only to a statute of limitations defense, but also to any affirmative defense raised pursuant to Rule 8(c)[, including *res judicata*]." *Rycoline Products*, 109 F.3d at 886. Thus, if the *res judicata* bar "is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* (citing *Bethel*, 570 F.3d at 1174).

When *res judicata* is not apparent from the complaint, a district court could pursue either of the following procedures: (1) deny the motion without prejudice to renew it in the form of a motion for summary judgment pursuant to Rule 56; or (2) convert the Rule 12(b)(6) motion into a Rule 56 motion and afford "all parties ... reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Cornell Storefront Sys., Inc. v. MobilFlex Inc.*, No. 3:23-CV-555, 2025 WL 2486003, at *4 (M.D.Pa. Aug. 28, 2025) (citing *Rycoline Products*, 109 F.3d at 886–87).

Accordingly, we must first consider whether the *res judicata* issue is apparent from Plaintiff's complaint. Upon review, the Court finds that *res judicata* is apparent from the complaint.

As briefly mentioned, this Court previously dismissed Plaintiff's nearly identical claim with prejudice, holding that it lacked jurisdiction due to a settlement agreement. (3:23-CV-410, Doc. 46). The Court stated:

> On March 21, 2023, Plaintiff filed an amended complaint, naming the Pennsylvania Department of Corrections ("DOC") as the sole Defendant. Plaintiff alleges that the December 18, 2019, sentencing order from the Philadelphia County Court of Common Pleas mandated that the Department was to provide him with mental health treatment and, instead "intentionally and frequently trigger[ing] his symptoms, seeking a negative, aggressive, and impulsive reaction from him, so that [the Department can] keep him confined to the restrictive housing unit (RHU) under disciplinary custody status." He claims Defendant violated his Eighth and Fourteenth Amendment rights, as well as raising an Americans with Disabilities Act and Rehabilitation Act . . . [I]t was incumbent upon Plaintiff, in order to abide by the terms of the settlement agreement, to have sought out the above captioned action because an amended complaint, naming the DOC, was filed on March 21, 2023, after the settlement agreement was reached[.] . . . **Consequently, we find that, pursuant to the agreement reached between Plaintiff and the [DOC], Plaintiff has released the claims raised in the instant action against the DOC . . . and the action will be dismissed with prejudice.**

(3:23-CV-410, Doc. 46 at 2, 5-6) (emphasis added) (internal citations omitted).

In the instant action, Plaintiff brings the same cause of action which was previously dismissed with prejudice. (Docs. 78-1, 87). Specifically, the instant operative complaint involves identical parties, factual allegations, claims, and relief sought. *Id.* Because there was a final judgment on the merits in a previous suit involving the same parties and claims, and because the instant second amended complaint is a subsequent suit based on the same causes of action, the doctrine of *res judicata* is apparent. *African Int'l Bank,* 10 F.3d at 171; *see also Bethel*, 570 F.2d at 1174.

## IV. CONCLUSION

Because the Court finds that *res judicata* bars the instant cause of action, it need not address the additional substantive merits of Defendants' motion. For the reasons set forth herein, Defendants' motion to dismiss, (**Doc. 88**), will be **GRANTED**. Plaintiff's second amended complaint will be dismissed with prejudice, and the case will be closed. An appropriate Order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/26/26
23-1338-02